NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1989
_____

CAROL ANN JOHNSON-KRUMM, Individually and as Personal Representative of the
Estate of JUSTIN M. JOHNSON, deceased,
Appellant

v.

CITY OF SEAFORD; SEAFORD POLICE DEPARTMENT; RICHARD JAMISON;
THOMAS LEE; TOBY LAURION; JAMES BACHMAN; COLE SCOTT
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-16-cv-00496)
District Judge: Honorable Stephanos Bibas*
_____

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2022

Before: HARDIMAN, SHWARTZ, and SMITH, *Circuit Judges*.

(Filed: January 31, 2022)

_____

OPINION**
_____

_____

*The Honorable Stephanos Bibas, Judge of the United States Court of Appeals for the
Third Circuit, sitting by designation. Pursuant to 28 U.S.C. §291(b).

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Carol Johnson-Krumm, individually and as representative of her son's estate, appeals the District Court's adverse summary judgment. We will affirm.

I[1]

The material facts of this tragic case are undisputed. In July 2014, Seaford police were patrolling the Nanticoke Riverfest when they spotted Johnson-Krumm's son Justin, who was the subject of an arrest warrant. Police handcuffed Justin and attempted to pat him down. Before they could complete the pat down, however, Justin shoved an officer, fled, jumped in the Nanticoke River, and attempted to swim away, all while handcuffed and still wearing a five-pound backpack. Police urged Justin to return, but his head soon went underwater, and he failed to resurface. Two police officers entered the water and unsuccessfully attempted to rescue Justin. About thirty minutes later, the Fire Department's Water Rescue Unit recovered Justin's body but could not resuscitate him.

Johnson-Krumm sued, claiming her son died because the City failed to have water rescue policies and provide water rescue training and equipment to law enforcement personnel in violation of his due process rights. The District Court entered judgment against her, holding that the police had no constitutional duty to rescue Justin. *Johnson-Krumm v. City of Seaford*, 2021 WL 1648594, at *1 (D. Del. Apr. 27, 2021).

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). We have jurisdiction under 28 U.S.C. § 1291. We review the summary judgment de novo. *Bruni v. City of Pittsburgh*, 941 F.3d 73, 82 (3d Cir. 2019).

II

On appeal, Johnson-Krumm challenges the District Court's holding that police had no constitutional duty to rescue her drowning son.

The "Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). But the government does "assume some responsibility for [the] safety and general well-being" of those it takes into custody. *Id.* at 199–200. Johnson-Krumm argues the police had an affirmative duty to rescue Justin after they placed him under arrest and handcuffed him. The District Court rejected that argument, concluding Justin was not in custody at the time of his death. *Johnson-Krumm* 2021 WL 1648594, at *2. We agree.

Custody, the Supreme Court has explained, entails "incarceration, institutionalization, or other similar restraint of personal liberty." *DeShaney*, 489 U.S. at 200; *see also Custody*, Black's Law Dictionary (11th ed. 2019) ("[t]he care *and control* of a . . . person" (emphasis added)). Seaford police possessed no control over Justin after he escaped. As the District Court rightly noted, once Justin fled, he "was not in [police] custody, let alone held against his will." *Johnson-Krumm*, 2021 WL 1648594, at *2. Johnson-Krumm cites several cases to support her contention that Justin was in custody when he drowned. Apart from the fact that several of those cases are outside the Third Circuit, not one of them holds that someone fleeing the police is in custody. *See, e.g.*,

3

*Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 923–24 (10th Cir. 2012) (holding that a state hospital patient who admitted himself was not in custody when he died).

In sum, Justin Johnson was not in custody when he drowned. Though he was still wearing handcuffs, police were unable to control him after he fled and made the fateful decision to jump into the Nanticoke River. It was the absence of police control—not police custody—that led to Justin's tragic demise. Because the District Court correctly held there was no constitutional violation, we will affirm its summary judgment.